```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

CHANEL, INC. et al.                                        PLAINTIFFS

                              v.  Civil No. 07-mc-00028

SHAWN ADAMSON                                               DEFENDANT

### O R D E R

NOW on this 29th day of January 2008, comes on for consideration Defendant's **Motion for the Return of Personal Property and to Claim Statutory Exemptions** (document #3) and Plaintiffs' response thereto, and the Court, being well and sufficiently advised, finds and orders as follows:

1.  On August 28, 2007, Plaintiffs, Chanel, Inc., Louis Vuitton Malletier, S.A., and Marc Jacobs Trademarks, LLC (hereinafter "Plaintiffs"), filed with this Court an **Application for Registration of Foreign Judgment and Issuance of Writ of Execution** (document #2), seeking the issuance of a writ of execution to satisfy a judgment entered against Defendant Shawn Adamson (hereinafter "Defendant") by the United States District Court for the Southern District of Florida.  Pursuant to this judgment, Defendant is to pay Plaintiffs five million nine hundred twenty-two thousand seven hundred twelve dollars and thirty cents ($5,922,712.30) plus any accruing interest.

On September 21, 2007, in response to Plaintiffs' application, the Clerk of the Court issued a writ of execution.

Thereafter, on October 22, 2007, the writ was served on Defendant and, in accordance therewith, certain items of personal property were seized. Subsequently, Defendant filed his Motion for the Return of Personal Property and to Claim Statutory Exemptions seeking an order directing the United States Marshal Service to return to Defendant certain items of personal property listed in his motion. Specifically, Defendant argues that:

* The items at issue are owned jointly by Defendant and his wife Sally Adamson, as tenants by the entirety. As such, Defendant asserts that, because Plaintiffs do not have a judgment against Sally Adamson, the items seized are not subject to the judgment issued against Defendant.

* The items at issue are subject to certain bankruptcy exemptions. Specifically, Defendant claims his "statutory exemption in and to $9,850.00 in aggregate value in household furnishings, household goods, wearing apparel, and/or appliances as provided by 11 U.S.C. § 522(d)(3) and $1,850.00 in value in any implements or tools of the trade as provided by 11 U.S.C. § 522(d)(6)." Doc. 3 at 2.

In response, Plaintiffs first argue that Defendant is not entitled to a marital property exemption because (1) he has not followed the correct procedures under Federal Rule of Civil Procedure 69(a) and Arkansas Code § 16-66-211; and (2) he has failed to set forth any proof that the items listed in his motion

are, in fact, jointly owned marital property and exempt under either Arkansas or Federal law. Plaintiffs further assert that Defendant cannot utilize the bankruptcy exemptions in 11 U.S.C. § 522(d) because (1) he is not a bankruptcy debtor; and (2) he has not followed the correct procedures set forth in Arkansas Code § 16-66-211 or 11 U.S.C. § 521 for claiming such exemptions.

    2. Rule 69 of the Federal Rules of Civil Procedure provides, in pertinent part, that,

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution *shall be in accordance with the practice and procedure of the state in which the district court is held* ... except that any statute of the United States governs to the extent that it is applicable.

Fed. R. Civ. P. 69(a) (emphasis added). Moreover, those courts which have considered the issue have determined that "state law also determines the type of property which can be subject to execution." Marshak v. Green, 746 F.2d 927, 930-31 (2d Cir. 1984); see also United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir. 1979); Duchek v. Jacobi, 646 F.2d 415 (9th cir. 1981). Accordingly, in the present proceeding and in the absence of a controlling federal statute, the writ of execution procedures and the associated procedures for claiming exemptions are governed by Arkansas law.

3. Under Arkansas law, if a judgment debtor wishes to claim an exemption he must follow the procedures set forth in Arkansas Code § 16-66-211, which provides in relevant part,

> (a)(1) Whenever any resident of this state, upon the issue against him or her for the collection of any debt by contract of any execution or other process ... desires to claim any of the exemptions provided for by law, he or she shall *prepare a schedule, verified by affidavit, of all his or her property*. This schedule shall include moneys, rights, credits, and choses in action held by himself or herself or others for him or her and specifying the particular property which he or she claims as exempt under the provisions of the Arkansas Constitution, Article 9.
>
> (2) After giving five (5) days' notice in writing to the opposing party or his or her agent or attorney, the resident claiming the exemption shall file the schedule with the judge or clerk issuing the execution or other process or attachment.

Ark. Code § 16-66-211(a)(1),(2) (emphasis added).

In the instant case, Defendant has not filed with this Court a schedule, verified by affidavit, setting forth all of his property. Rather, Defendant has only listed the items of personal property, heretofore seized pursuant to the writ of execution, which he claims are exempt. Defendant has, therefore, failed to set forth a valid claim for exemptions as required by Arkansas law. Accordingly, the Court finds that Defendant's motion for return of personal property and the exemptions claimed therein are not proper and cannot be granted. <u>Jennings v. Tankersley Bros. Packing Co.</u>, 238 S.W.2d 625, 627 (Ark. 1951) ("a defendant cannot be allowed exemptions, unless they are claimed

in the manner provided by statute."); <u>Griffin v. Pur-year-Meyer Grocer Co.</u>, 151 S.W.2d 656, 658 (Ark. 1941) ("Every citizen of Arkansas is entitled to exemptions, mentioned in the constitution and statutes, but in order to get his property exempt, he must comply with the law."); <u>Ward v. Nu-Wa Laundry Cleaners, Inc.</u>, 170 S.W.2d 381, 383 (Ark. 1943) (holding that the intentional failure of debtor to list all of his property necessarily results in the loss of his right to exemptions).

As to Defendant's claim of statutory exemptions under 11 U.S.C. § 522(d) of the Federal Bankruptcy Code, Defendant has failed to offer any evidence that he has filed for bankruptcy. Indeed, in Defendant's motion he does not even assert that he has done so. Rather, he broadly claims bankruptcy exemptions. Additionally, Defendant has not followed the procedures set forth in 11 U.S.C. § 521 for filing a schedule of assets. Thus, the Court finds that Defendant's claimed exemptions under the Federal Bankruptcy Code are not proper and should not be granted.

**IT IS, THEREFORE, ORDERED** that Defendant's **Motion for the Return of Personal Property and to Claim Statutory Exemptions** (document #3) should be, and it hereby is, **DENIED.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**