```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**CHANEL, INC., ET AL.**                                      **PLAINTIFFS**

                **v.**     **Civil No. 07-mc-00028**

**SHAWN ADAMSON**                                             **DEFENDANT**

**O R D E R**

NOW on this the 13th day of May 2008, comes on for consideration Defendant's **Motion to Quash Subpoena** (document #24) and Plaintiffs' response in opposition thereto (document #26). The court, being well and sufficiently advised, finds and orders as follows:

1. On March 31, 2008, Plaintiffs Chanel, Inc., Louis Vuitton Malletier, S.A., and Marc Jacobs Trademarks, LLC ("Plaintiffs") issued a subpoena duces tecum to Defendant Shawn Adamson ("Defendant") in order to conduct a post-judgment deposition and obtain copies of documents which Plaintiffs say are relevant to their ongoing efforts to collect on a final judgment that was entered against Defendant in December 2006.[1]

Thereafter, Defendant, acting *pro se*, filed his motion to

---

[1] Specifically, in December 21, 2006 a final default judgment was entered by the Fort Lauderdale Division of the United States District Court for the Southern District of Florida against Defendant. Pursuant to the judgment, Defendant was ordered to pay Plaintiffs certain statutory damages. On August 28, 2007, Plaintiffs registered the final foreign judgment in this Court by filing a certified copy pursuant to 28 U.S.C. § 1963. Defendants also filed an application for writ of execution, seeking to enforce the judgment.

quash based on lack of jurisdiction. Specifically, Defendant argues that the Court lacks subject matter jurisdiction over this civil action because it is based on a claim of copyright infringement that occurred in China. Defendant says that the Copyright Act does not apply to conduct that occurred outside the United States. Accordingly, Defendant argues that the underlying complaint must be dismissed, thereby mooting the subpoena.

In response to Defendant's motion to quash, Plaintiffs state that this case does not involve allegations of any activity that occurred outside the United States. Plaintiffs argue that each of its claims against Defendant are based on federal statute or well-founded common law that confers subject matter jurisdiction upon the federal courts of the United States.

2. The issue before the Court is plain – that is, the execution of a foreign judgment pursuant to 28 U.S.C. § 1963. Defendant questions the merits of the subpoena at issue by attacking the underlying judgment entered by the United States District Court for the Southern District of Florida. However, this is not the appropriate forum within which to question the sufficiency of that court's jurisdiction or final judgment.

28 U.S.C. § 1963 provides that,

> A judgment in an action for the recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal ... A judgment so entered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963.  Plaintiffs have followed the procedure set forth in this statute and this Court now has jurisdiction to enforce the foreign judgment at issue.  Thus, the Court finds that the subpoena duces tecum is proper and should not be quashed for jurisdictional reasons.

**IT IS THEREFORE ORDERED** that the **Motion to Quash Subpoena** (document #24), should be, and it hereby is, **DENIED**.  Accordingly, Defendant shall appear for deposition in accordance with the subpoena duces tecum and bring with him copies of the documents referenced therein.

**IT IS SO ORDERED.**

                                         /s/ Jimm Larry Hendren
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**